LEWIS R. MAXON, RESPONDENT, v. AARON G. REED, APPELLANT.

*Justice's Court — objections as to jurisdiction, regularity, etc., taken in — duty of County Court to pass upon.*

Upon an appeal to the County Court from a judgment rendered in a Justice's Court, it is the duty of the former, when a new trial is to be had before it, to pass upon all questions raised in the court below as to the jurisdiction of the justice, the regularity of the process, its service and return, and whether all the proper parties are before the court; and in case it refuse so to do and compels the appellant to proceed with a new trial, upon which a judgment is rendered against him, the General Term will, upon an appeal from such judgment, reverse the same and direct a new trial, even though such objections were frivolous and devoid of merit.

APPEAL from an order of the County Court of Orleans county, denying a motion for a new trial made upon a case and exceptions.

*Reynolds & Crandell*, for the appellant.

*Geo. Bullard*, for the respondent.

MULLIN, P. J.:

The plaintiff brought an action in a Justice's Court of the county of Orleans, to recover of the defendant certain penalties imposed by sections 22, 28 and 40 of chapter 721 of the Laws of 1871, entitled an act to amend and consolidate the several acts relating to the preservation of moose, wild deer, birds and fish.

The defendant in his answer denied the complaint. As a second defense, he alleged the summons was not served by a constable. For a third defense, he alleges that plaintiff brings the action as a game constable for one-half the penalty given by statute, and as it is in the nature of a *qui tam* action, it should be brought in plaintiff's name as a public officer, and in the name of the people, they being a necessary party. For a fourth defense, he alleges that the action being for a penalty, the summons is not properly indorsed. For a fifth defense, the defendant alleges that Chauncey Lake is a necessary party to the action.

On the return day of the summons the parties appeared, and it was agreed between the parties, in open court, that defendant was to have all rights to make any objections to the process or proceedings on any day to which the suit might be adjourned, as if taken on the return day. The cause was then adjourned till 16th May, 1873. On that day the parties again appeared, and defendant moved to set aside the summons and dismiss the suit, on the ground that the summons is not properly indorsed. The motion was denied. The defendant made the same motion on the ground that the action is brought by and in the name of a game constable, who is entitled to one-half of the penalty; it is therefore a *qui tam* action, and the other party in interest is not joined. The same motion was made upon the further ground that the summons was not served by a constable. The motions were denied on the ground that the objections were not raised in time.

The cause was then tried by a jury, and a verdict rendered in favor of the plaintiff for ninety-four dollars, and a judgment entered for that sum, with costs. The defendant appealed to the County Court.

When the cause was tried in the County Court, the defendant's counsel moved to reverse the judgment and dismiss the proceedings, on the ground that the parties never acquired jurisdiction of the person of the defendant, for the following reasons:

First. The plaintiff was not a constable or game constable, or officer of any kind.

Second. He was not authorized by law to serve the summons, and the service was therefore void.

Third. The return made by Maxon on the back of the summons is not in writing, as required by law.

Fourth. The indorsement on the summons by the parties is not in accordance with law, in not referring to either of the amended sections of the statute under which a recovery is sought, and does not sufficiently refer to any statute, and not being indorsed as follows: "According to the provisions of the statute."

Fifth. The people should have been joined as parties.plaintiff,

Sixth. The plaintiff cannot bring suit in his own name, after having acted as a pretended game constable, and served and returned the original process in that capacity.

The defendant's counsel then offered to read sundry affidavits, in relation to the proceedings before the justice, to show that defendant had never been duly elected or appointed a game constable, and that a majority of the board of supervisors of Orleans county had never authorized the election of a game constable in the towns of that county; and that one Ball was elected game constable in the town of Gaines, in which the cause of action arose; that a vacancy occurred in said office, and three justices of the town appointed Lewis R. Maxson game constable of said town.

The plaintiff's counsel objected to the affidavits, on the grounds:

First. That defendant cannot attack the service of the papers in such collateral way.

Second. That defendant made a motion upon return at a previous term of the County Court at which the case was tried, and before the trial began, to set aside the papers, and the motion was denied, and the same question cannot again be raised.

The papers used on such former return were produced, and showed that the motion had been made and denied. The affidavits were rejected, and the defendant's counsel excepted.

The court then overruled the objection and denied the appellant's motion, and ruled against him on each and every point so raised, and held and decided that none of these objections could now be considered; and that defendant could not be heard on the appeal to raise the question whether the plaintiff was a game constable or not, or on any of the foregoing objections, and the court thereupon refused to allow appellant to introduce such proof, and denied his motion, and the defendant's counsel excepted.

The only mode for reviewing the proceedings on a trial in a Justice's Court, is by appeal to the County Court.

When the judgment recovered in the Justice's Court is fifty dollars or less, the justice is required to return to the appellate court the evidence, proceedings and judgment. When the judgment is for more than fifty dollars, the justice is required to return the process by which the action was commenced, with the proof of service thereof, and the pleading, or copies thereof, the proceedings and judgment, with a brief statement of the amount, and return of the claim or claims litigated. When the judgment is for more than fifty dollars, a new trial is to be had in the County Court, unless the appellant shall state in his notice of appeal that the appeal is upon questions of law only. The recovery in this cause before the justice was for eighty-five dollars, and there was no notice in the notice of appeal that the appellant sought to review questions of law only.

A new trial was the only remedy the appellant had to correct errors, if any, committed on the trial before the justice. It follows that the questions raised on the trial, by the defendant, before the justice, as to the form of the process, the regularity of its service and return, whether the proper parties had been brought in, and which the justice had refused to entertain and decide, must be heard by the appellate court, or the defendant was wholly without remedy.

A solemn agreement had been entered into between the parties, in the presence of the court, that the defendant might, on any day to which the cause should be adjourned, raise any objection to the

process, etc., with the same force and effect as if raised on the return day; yet, in violation of this agreement, the court refused to hear the objections of the defendant on the adjourned day, on the very point as to which his rights were reserved. This was grossly unfair and unjust to the defendant, and should have led to a reversal of the judgment, unless the County Court could, on the hearing of the appeal, afford the defendant relief.

Questions in relation to the regularity of process, its service and return, in relation to the jurisdiction of the justice, and whether the proper parties have been brought in, and a multitude of other important questions, must be raised in the Justice's Court, and if not there raised, are waived; but if raised, and an appeal is taken, the appellate court must review the action of the court below upon such questions; and it is therefore the duty of the Justice's Court to state in its return what questions were raised before it, and its rulings in regard thereto, and the appellate court must, if required to do so, proceed and pass upon all such questions.

In this case the court refused to pass upon the questions raised by the appellant's counsel in the court below, and compelled him to proceed to the trial of the cause, without making any disposition of them.

The County Court having neglected to dispose of the questions relating to the form, etc., of the process, and other questions affecting the jurisdiction of the court, this court cannot review its action until it has considered and passed upon such questions. It may be that they are frivolous, but the defendant had the right to have them passed upon by the County Court, and then by this court, but until the County Court has passed upon them this court cannot consider them.

The judgment must therefore be reversed. (Code, § 360; 2 Wait's L. and P., 770, 798, 809, 811, 836.)

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment reversed and new trial granted in County Court, costs to abide event.